UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Petitioner,<br><br>vs.<br><br>OMAR ALEXIS SANCHEZ,<br><br>    Defendant. | Case No:  CR 12-00274 SBA<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT**<br><br>Dkt. 162 |

Defendant Omar Alexis Sanchez and two others were charged in a two-count superseding information which charged him with conspiracy to commit robbery affecting interstate commerce, 18 U.S.C. § 1951(a), and possessing firearms in furtherance of drug trafficking, id. § 924(c).  Dkt. 125, 137.  Pursuant to a written Plea Agreement governed by Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant pleaded guilty to both counts.  On September 23, 2013, the Court sentenced Defendant to sixty months and one day in the custody of the Bureau of Prisons (consisting of one day on count one and sixty months on count two to run consecutively).[1]  Dkt. 146.  Judgment was entered on October 2, 2013.  Dkt. 147.

---

[1] Convictions under 18 U.S.C. § 924(c)(1)(A)(i) are subject to a mandatory five year prison term.  As such, upon Defendant's entry of a guilty plea to such charge, the Court was obligated by statute to impose a minimum sentence of five years on count two.  On count one, which did not involve a mandatory minimum sentence, Defendant's sentencing guideline range was 30-37 months.  The Government, represented by AUSA Cynthia Frey, urged the Court to impose a 30 months sentence.  However, the Court downwardly departed and sentenced Defendant to one day on count one, plus a five year mandatory sentence on count two.

On July 21, 2014, Defendant filed the instant pro se Motion to Dismiss the Indictment Due to a Denial of the Protections Mandated by the Fifth Amendment to the Constitution and Outrageous Governmental Conduct. Dkt. 162. Where a judgment has been entered, any challenge to the legality of a federal prisoner's detention should be presented by way of a motion pursuant to 28 U.S.C. § 2255, or in limited circumstances, a habeas corpus petition under § 2241. See Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012). Nonetheless, even if the Court were to so construe the instant motion, Defendant, unfortunately has no avenues for relief based on the allegations presented.

As part of his plea agreement, Defendant waived his right to bring a 2255 motion or habeas petition attacking his conviction or sentence, except as to a claim for ineffective assistance of counsel. Dkt. 117 ¶ 5. Nowhere in his motion does Defendant allege that his counsel was constitutionally ineffective. Moreover, any claim of outrageous behavior on the part of the government is waived, as "it is well settled that an unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." United States v. Lopez-Armenta, 400 F.3d 1173, 1175 (9th Cir. 2005).[2] Accordingly,

IT IS HEREBY ORDERED THAT Defendant's Motion to Dismiss the Indictment Due to a Denial of the Protections Mandated by the Fifth Amendment to the Constitution and Outrageous Governmental Conduct, which is liberally construed as a 2255 motion, is DENIED. Because Defendant has not made a substantial showing of the denial of a constitutional right, and because the Court finds that reasonable jurists would not debate the

---

[2] The "outrageous conduct" cited by Defendant is the fact that his arrest and conviction stemmed from a "reverse sting" operation in which a federal narcotics agent, posing as a member of a drug trafficking organization, enticed him to participate in the robbery of a (non-existent) stash house where cocaine was allegedly stored. Defendant's frustration with respect to the government's conduct is understandable, particularly since, on the day of the robbery, Defendant realized his error in judgment—and chose to go to work instead of participate in the robbery. Despite this, AUSA Frey proceeded to charge Defendant—originally with crimes which carried a fifteen year mandatory minimum sentence. In any event, whatever the merit of Defendant's claim, the Court cannot consider it due to the waiver discussed above.

1 denial of his motion, <u>see</u> <u>Mendez v. Knowles</u>, 556 F.3d 757, 771 (9th Cir. 2009), the Court
2 declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(1)(B).
3     IT IS SO ORDERED.
4 Dated: August 4, 2014

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge